**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3606

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| Michael Ed Brewer, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: March 26, 1998
Filed: March 27, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Michael Ed Brewer pleaded guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1994), and to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1994). The District Court[1] sentenced Brewer to 121 months imprisonment and three years supervised release. In this direct appeal of his sentence, Brewer argues that the District

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Court's reliance on hearsay evidence at sentencing was erroneous, and violated his due process and confrontation rights. We disagree and therefore affirm.

At sentencing, the District Court considered the testimony of an FBI agent, who had participated in Brewer's investigation, as to the substance of interviews the agent or other investigators had conducted with third persons. Based on this testimony, the District Court overruled Brewer's objections to the drug-quantity determination indicated in the presentence report and to a recommended increase under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997) for Brewer's aggravating role in the offense.

District courts may consider hearsay at sentencing, without regard to its admissibility at trial, so long as the testimony has sufficient indicia of reliability to support that it was probably accurate. See U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (1997); United States v. Drapeau, 121 F.3d 344, 351 (8th Cir. 1997). The particular circumstances of a case dictate whether challenged hearsay is reliable enough to be used at sentencing, see Drapeau, 121 F.3d at 351, a determination we review for abuse of discretion, see United States v. Stavig, 80 F.3d 1241, 1247 (8th Cir. 1996).

We conclude the District Court did not abuse its discretion in this case because the statements given to investigators were largely consistent with one another, and were corroborated in part by Brewer's admissions and the circumstances surrounding the arrest of one of the persons the FBI agent interviewed. In addition, the declarants were providing information against their penal interests. Cf. United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (holding that there was no abuse of discretion in considering detective's testimony as to what third person stated during debriefing; declarant made incriminating statements in presence of her attorney while awaiting sentencing in declarant's own case, statements were consistent with facts discovered during investigation and were corroborated by seized physical evidence and defendant's own

sentencing testimony, and this court has upheld consideration of hearsay evidence under more "tenuous and unclear circumstances"). Although Brewer provided contrary testimony, we cannot say that the District Court erred in choosing to discredit it. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).

Finally, Brewer's Confrontation Clause argument is foreclosed by United States v. Wise, 976 F.2d 393, 401 (8th Cir. 1992) (en banc) (right to confront witnesses does not attach at sentencing), cert. denied, 507 U.S. 989 (1993); and given the approximate three-fold increase in Brewer's sentence attributable to the challenged hearsay, we do not think due process concerns were triggered in this case, see id. (holding that in certain instances sentence may so overwhelm or be so disproportionate to punishment that would otherwise be imposed that due process concerns must be addressed).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.